IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TAMMY SUZETTE SHAW

    Plaintiff,

v.                                                   CIVIL ACTION NO.: CV514-027

RAMSEY BENNETT, Sheriff,
Pierce County, Georgia,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 alleging violations occurring at the Pierce County Jail in Blackshear, Georgia. Defendant filed a Motion to Dismiss. Plaintiff filed a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that she was not given the medications she needs for her mental health conditions while she was housed at the Pierce County Jail. Plaintiff contends that a judge, her husband, and a mental health specialist tried to help Plaintiff to no avail.

Defendant contends that Plaintiff's Fourteenth Amendment claim fails and that Plaintiff seeks to hold Defendant liable on the basis of respondeat superior principles.

Defendant states in a footnote that Plaintiff's Complaint likely is barred because she failed to exhaust her administrative remedies prior to filing this cause of action.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff asserts that Defendant is the sheriff over the jail and "knows what goes on [there]." (Doc. No. 9). Plaintiff also asserts, "It is shameful the way [Defendant] runs

2

that jail." (Id.). Plaintiff states that Defendant should be terminated from law enforcement.

A plaintiff must set forth "a short and plain statement of the claim showing that [ahe] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of [her] constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff has made only conclusory allegations against Defendant. In addition, it appears that Plaintiff seeks to hold Defendant liable for the alleged violations of her

3

constitutional rights based solely on his supervisory position as Sheriff of Pierce County, Georgia. In sum, Plaintiff has not set forth sufficient facts to establish liability on Defendant's part.

It is unnecessary to address the remaining portions of Defendant's Motion.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice, based on her failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 10th day of July, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff admits that she did not utilize the grievance procedure and expresses some confusion about whether there is a grievance procedure at the Pierce County Jail. (Doc. No. 1, p. 3). Defendant asserts that there is a grievance procedure in place at the Pierce County Jail. (Doc. No. 5-1, p. 8).

4